UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Case No. 15-cr-217-pp

JAWANZA A. WILLIAMS,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR COURT ORDER TO BUREAU OF PRISONS TO AUTHORIZE RELEASE UNDER 18 U.S.C. 3624(C)(2) (DKT. NO. 45)**

      The defendant has filed a motion asking either Judge Charles N. Clevert, Jr.[1] or Judge Pamela Pepper to order the Bureau of Prisons to release him. Dkt. No. 45. He makes this request for two reasons. First, he notes that the COVID-19 pandemic "has taken over the Tri-State Area, and in this case, The State of New Jersey," where the defendant is incarcerated. Dkt. No. 45-1 at 1. Second, he argues that he has completed several programs while in custody, has served over two-thirds of his sentence and has "maintained clear conduct." Id.

      The defendant says that 18 U.S.C. §3624(c)(2) authorizes the Attorney General of the United States to grant the expanded use of home confinement. Dkt. No. 45-1 at 1. That statute actually says that the Director of the Bureau of Prisons has the authority to ensure that a prisoner spends the final portion of

---

[1] The court notes for the defendant's benefit that Judge Clevert retired in March 2017.

1

Case 2:15-cr-00217-PP   Filed 04/20/20   Page 1 of 4   Document 49

his prison term somewhere that gives him an opportunity to adjust to reenter the community. That authority allows the Director to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." It doesn't say anything about the Attorney General or expanded use of home confinement. The government has responded to the defendant's motion, and correctly points out that the law gives the *Bureau of Prisons* the authority to place someone on home confinement, not the court. Dkt. No. 47 at 2.

The defendant also says that under the First Step Act of 2018, he is eligible for release to a halfway house and then to home confinement. Dkt. No. 45-1 at 1. The government speculates that perhaps the defendant is asking the court for compassionate release under 18 U.S.C. §3582(c). Dkt. No. 47 at 3. The First Step Act of 2018 did modify §3582(c); it gave the court the ability to grant a petition from the BOP to reduce a prisoner's sentence under certain circumstances, such as if there are "extraordinary and compelling circumstances," or the prisoner is over seventy and has served a certain portion of his sentence and is not a danger to the safety of others or the community. As the government points out, however, the law requires the defendant to first present his compassionate release request to the BOP. Dkt. No. 47 at 4, citing §3582(c)(1)(A). The law allows the court to grant a request for compassionate release only if (a) the request is made by the BOP or (b) the defendant has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of

30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Id.

The motion the court received is not from the BOP. So, if it is a request for compassionate release, the court may consider it only if the defendant provides the court with proof that (a) he presented it to the BOP and was denied, and he then appealed that denial through the BOP appeals process, or (b) he presented it to his warden and thirty days passed without the warden taking any action. The defendant hasn't presented the court with proof of either of those things.

So this court cannot grant the defendant's request. The government, however, points out that the Attorney General has given the BOP additional authority to designate inmates for home confinement. Dkt. No. 47 at 2. On March 26, 2020, the Attorney General instructed the Director of the BOP to "prioritize the use of statutory authority to place prisoners in home confinement." Id. citing https://www.bop.gov.crononavirus/. In addition, the government explains, the CARES Act, which the President signed into law on March 27, 2020, in conjunction with a finding by the Attorney General, allows the Director of the BOP further discretion to place a prisoner on home confinement for a longer period, especially in facilities that have seen a high rate of transmission. Id. at 3.

The probation office reports that the BOP has increased home confinement by 40% since March, and that it is aggressively screening potential inmates for home confinement. Dkt. No. 48 at 1. It reports that the BOP has

started reviewing inmates who have COVID-19 risk factors (the defendant does not say whether he has any of those factors), starting with inmates at facilities such as FCI Oakdale, FCI Danbury, FCI Elkton and similar facilities. Id. at 1-2. Probation tells the court that inmates *do not* have to apply to be considered for home confinement; the BOP is reviewing inmates to try to identify as many candidates as possible. But any inmate who believes that he is suitable for home confinement may ask for it and provide his case manager with a release plan. Id. at 2. (The BOP might reach out to family members in evaluating a prisoner's request. Id.)

The court is grateful to the government and the probation office for providing this information.

This court can't grant the defendant's request, but the BOP can. The court encourages the defendant to investigate this option, understanding that he likely is afraid and stressed and worried about himself and his family. The court encourages the defendant to explore the options discussed above and wishes him safety and good health.

The court **DENIES** the defendant's motion for a court order to the Bureau of Prisons authorizing release. Dkt. No. 45.

Dated in Milwaukee, Wisconsin this 20th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
